# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 39772

RANDALL PHILLIP BOTTUM,

        Petitioner-Appellant,

v.

IDAHO STATE POLICE, BUREAU OF
CRIMINAL IDENTIFICATION CENTRAL
SEX OFFENDER REGISTRY,

        Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, January 2013 Term

2013 Opinion No. 27

Filed: February 25, 2013

Stephen W. Kenyon, Clerk

Appeal from the District Court of the First Judicial District of the State of Idaho, in and for Kootenai County. The Hon. Michael J. Griffin, District Judge.

The judgment of the district court is affirmed.

Frederick G. Loats, Coeur d'Alene, for appellant.

Stephanie A. Altig, Deputy Attorney General, Meridian, for respondent.

_____

EISMANN, Justice.

This is an appeal out of Kootenai County contending that the district court erred in holding that a 2009 amendment to the sex offender registration law applied to the appellant. Prior to the amendment, he could have petitioned the court to be exempted from the duty to register as a sex offender. The amendment foreclosed that opportunity. We hold that the amendment applied to appellant and affirm the judgment of the district court.

## I.
## Factual Background.

For the felony offense of lewd conduct with a minor child, Randall Phillip Bottum was sentenced on July 29, 1991, to ten years in the custody of the Idaho Board of Correction. The trial court suspended that sentence and placed him on probation for five years. He successfully

completed his probation, which ended on July 29, 1996.  On February 23, 2011, the trial court dismissed the case pursuant to Idaho Code section 19-2604.

At the time Mr. Bottum was sentenced, Idaho did not have a sex offender registration statute.  In 1993, the Idaho legislature enacted the Sex Offender Registration Act.  Ch. 155, § 1, 1993 Idaho Sess. Laws 391, 392-94.  That act expressly applied retroactively to persons who were convicted of specific sex crimes, including lewd conduct, prior to July 1, 1993, and were still on probation at the time the act took effect on July 1, 1993.  *Id.* at 392.  The act required sex offenders to register while on probation and "for a period of ten (10) years after the date of discharge from probation, parole or release from incarceration, whichever is greater".  *Id.* at 393.

In 1998, the legislature repealed the Sex Offender Registration Act, Ch. 411, § 1, 1998 Idaho Sess. Laws 1275, 1276, and it enacted the Sexual Offender Registration Notification and Community Right-to-Know Act (SORA), *id.*, § 2, at 1276-90.  That act was codified as Idaho Code §§ 18-8301 through 18-8326.  It also expressly applied retroactively to persons who had been convicted of specified crimes before the statute was enacted.  It applied to any person who:

> Pleads guilty to or has been found guilty of a crime covered in this chapter prior to July 1, 1993, and the person, as a result of the offense, is incarcerated in a county jail facility or a penal facility or is under probation or parole supervision, on or after July 1, 1993.

*Id.* at 1278.  The crimes covered by the chapter included lewd conduct with a minor child in violation of Idaho Code section 18-1508, *id.* at 1278 (codified as I.C. § 18-8304(1)(a)), the crime of which Mr. Bottum had been convicted before the statute was enacted.  Because he was still on probation on July 1, 1993, the statute applied retroactively to him.

As originally enacted, Idaho Code section 18-8310 permitted certain sex offenders to petition the district court to be exempted from the duty to register as a sex offender once ten years had elapsed from the expiration of their period of probation.  *Id.* at 1282.  The only sex offenders excluded from that opportunity were violent sexual predators.  *Id.*

In 2001, the legislature amended section 18-8310 to provide that any offender who had been convicted of an "aggravated offense" also could not petition to be exempted from the duty to register.  Ch. 194, § 3, 2001 Idaho Sess. Laws 659, 661.  It defined an aggravated offense to include lewd conduct only if the victim was less than twelve years of age.  *Id.* at 659.

In 2009, the legislature amended the definition of aggravated offense to provide that lewd conduct was an aggravated offense, regardless of the age of the victim.  Ch. 250, § 1, 2009 Idaho

Sess. Laws 761, 761. That amendment was approved on April 29, 2009, *id*. at 764, and became effective on July 1, 2009, I.C. § 67-510. Because Mr. Bottum's victim was not less than twelve years of age, this amendment disqualified him from seeking to be exempted from the duty to register.

On June 15, 2011, Mr. Bottum filed a petition in the district court to be exempted from the duty to register. The district court denied the petition based upon the statute in effect at the time Mr. Bottum filed his petition. He then timely appealed.

## II.
## Did the District Court Err in Holding that the Application of the Current Statute to Appellant Did Not Violate Idaho Code Section 73-101?

From July 29, 2006, when ten years had elapsed after the termination of his probation, until July 1, 2009, when the 2009 amendment to SORA became effective, Mr. Bottum could have applied to be exempted from the duty to register as a sex offender. However, he did not file his petition seeking to be exempted until June 15, 2011. He contends that applying the 2009 amendment to him violates Idaho Code section 73-101, which states, "No part of these compiled laws is retroactive, unless expressly so declared."

SORA is codified as Chapter 83 of Title 18, Idaho Code. As quoted above, when SORA was enacted, it expressly declared that the provisions of the entire chapter were retroactive, and it still so provides. I.C. § 18-8304(1)(d). When a legislative act is expressly stated to be retroactive, subsequent amendments to that act are also retroactive, as long as retroactive application would not violate the Constitution. *A & B Irr. Dist. v. Idaho Dept. of Water Res.*, 153 Idaho 500, ___, 284 P.3d 225, 233 (2012) (where 1951 groundwater act expressly stated that it applied retroactively to groundwater rights acquired prior to the act's effective date, a 1953 amendment to the act likewise applied retroactively). Because the 2009 amendment is expressly declared to be retroactive, we need not address whether applying the amendment to Mr. Bottum would, as he contends, attach a new disability in respect to transactions or considerations already past. Mr. Bottum does not contend that applying the amendment to him would violate any constitutional provision. Therefore, the district court did not err in dismissing Mr. Bottum's petition.

3

**III.**
**Conclusion.**

We affirm the judgment of the district court, and we award costs on appeal to respondent.

Chief Justice BURDICK, Justices J. JONES, W. JONES, and HORTON **CONCUR.**