## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 39708

| | | |
|---|---|---|
| **LUIS JESUS GUZMAN, individually,** | ) | |
| | ) | |
| **Plaintiff-Defendant-Respondent,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Boise, December 2013 Term** |
| **DALE PIERCY, individually,** | ) | |
| | ) | **2014 Opinion No. 10** |
| **Defendant-Plaintiff-Appellant,** | ) | |
| | ) | **Filed: February 7, 2014** |
| **v.** | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| **CANYON COUNTY,** | ) | |
| | ) | |
| **Defendant-Respondent,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **JENNIFER L. SUTTON, individually,** | ) | |
| | ) | |
| **Defendant-Respondent.** | ) | |

_____

Appeal from the District Court of the Third Judicial District of the State of Idaho, Canyon County. Hon. Bradley S. Ford, District Judge.

The decision of the district court is _affirmed_. Costs are awarded to respondents.

Saetrum Law Offices, Boise, attorneys for appellant, Rodney R. Saetrum argued.

Chasan & Walton, LLC, Boise, attorneys for respondent Guzman, Andrew M. Chasan argued.

Elam & Burke, PA, Boise, attorneys for respondent Sutton, Joshua S. Evett argued.

Canyon County Prosecuting Attorney, Caldwell, attorney for respondent Canyon County, Zachary J. Wesley argued.

_____

Schroeder, J. *pro tem*

### I.

#### NATURE OF THE CASE

1

Dale Piercy appeals the district court's dismissal of his amended action for declaratory relief, which challenged the validity of a herd district ordinance enacted in 1982 by the Canyon County Commissioners. The district court dismissed Piercy's claim on the basis that it was barred by a seven-year statute of limitations or, in the alternative, a four-year statute of limitations. Piercy challenges the application of both statutes and maintains that Respondents Jennifer Sutton, Luis Guzman, and Canyon County waived any statute of limitations defense.

## II.

### FACTUAL AND PROCEDURAL BACKGROUND

In March 2005, Piercy pastured several bulls in a field south of Parma, Idaho. One of his bulls escaped the pasture. On April 20, 2005, Sutton struck one of the bulls while driving her vehicle on Wamstad Road. Sutton's passengers Erika Rivera[1] and Luis Guzman were injured in the collision.

On May 4, 2005, Guzman filed a negligence action against Piercy. Subsequently, Guzman filed an amended complaint adding Sutton as a co-defendant. Among other defenses, Piercy claimed he was "entitled to the protection of Idaho's Open Range statutes and immunities," including I.C. § 25-2118, which grants the owner of any domestic animal immunity from a negligence action arising from the animal's lawful presence on a highway.

On May 1, 2007, Piercy filed a motion for summary judgment. He challenged the validity of an ordinance passed by the Canyon County Commissioners on December 10, 1982, which established a herd district in the area where the bull was pastured. If valid, the existence of the herd district would deprive Piercy of the immunity under the open range statute, I.C. § 25-2118. Piercy argued that the herd district ordinance was invalid because the Canyon County Commissioners failed to follow the procedures required by I.C. §§ 25-2402 to -2404 to enact a lawful herd district ordinance.

Sutton and Guzman opposed Piercy's motion for summary judgment. Guzman maintained that the herd ordinance was presumed valid under I.C. § 31-857, which establishes a presumption of validity for all proceedings and jurisdictional steps in enacting a herd district after two years from the date of the ordinance. Guzman also argued that the doctrine of quasi estoppel barred Piercy from challenging the validity of the herd district ordinance. Sutton

---

[1] Rivera and Piercy settled and the court dismissed Rivera's claims with prejudice in February 2008. Rivera is no longer a party in this action.

maintained that the district court should order Piercy to join Canyon County before rendering a decision, thereby allowing Canyon County to defend its ordinance. Sutton also argued that the doctrine of estoppel by laches precluded Piercy's challenge of the herd district ordinance.

On October 9, 2007, the district court denied Piercy's motion for summary judgment, because Piercy "failed to overcome the presumption of validity of the herd districts because genuine issues of material fact exist." The district court agreed with Sutton and ordered Sutton to join Canyon County as a third-party defendant, determining that Canyon County "needs to be a part of this litigation for the limited purpose of fully developing the validity of herd districts in the area Piercy's bull escaped and in the area where the collision with the bull took place." Sutton filed an action for declaratory judgment pursuant to I.C. § 10-1201 and I.C. § 10-1202 and joined Canyon County in the action. Subsequently, the district court denied Guzman's assertion of quasi estoppel and Sutton's assertion of the doctrine of laches.

Prior to the trial the parties stipulated to amend pleadings and scheduling "to simplify the procedural posture of the case and to have the pleadings accurately reflect the positions of the different parties." In the stipulation the parties made numerous requests, including a request that Piercy be recognized as the plaintiff and Sutton, Guzman, and Canyon County as the defendants. They also asked the district court to allow Piercy to file an amended action for declaratory relief. The parties requested that Respondents "may Answer the Amended Action for Declaratory Relief filed by Mr. Piercy as provided for in the Idaho Rules of Civil Procedure." Finally, the parties requested that Respondents "waive any defenses they may have regarding the timing of the filing of Mr. Piercy's Amended Action for Declaratory Relief." The district court granted the parties' requests.

On September 11, 2008, Piercy filed his amended action for declaratory relief, asking the district court to declare the herd district ordinance invalid. Guzman's and Sutton's answers included a statutes of limitations defense based on I.C. § 5-224, and Guzman again raised the doctrine of equitable estoppel and doctrine of estoppel by laches as affirmative defenses. Sutton again raised estoppel by laches, estoppel by waiver, and equitable estoppel. Canyon County's answer asserted that I.C. § 31-857, which establishes the two-year presumption of validity, "in effect, created a limited statute of limitations." In Guzman's and Sutton's post-trial briefs, they also argued that the statutes of limitations in I.C. § 5-224 barred Piercy's declaratory action to challenge the herd district ordinance.

3

The district court issued an order on January 21, 2009, determining that the herd district ordinance was invalid for failing to comply with the statutory procedures in I.C. §§ 25-2401 to -2404. Thus, the district court held neither Guzman nor Sutton "may rely upon the existence of a herd district at the location of their involvement in a collision" with the bull. The district court did not address the statute of limitations issue.

On May 5, 2009, Piercy filed a second motion for summary judgment, arguing that the district court should dismiss Guzman's negligence action because Piercy owed no duty to Guzman based on the district court's order in the declaratory action that the bull was pastured in an open range area. Guzman and Sutton opposed the motion and moved for reconsideration of the district court's order in the declaratory action. They asked the district court to reconsider the application of the statute of limitations in I.C. § 5-224.

On December 4, 2009, the district court granted Sutton's and Guzman's motions for reconsideration. Guzman and Sutton again asserted that the four-year statute of limitations in I.C. § 5-224 barred Piercy's declaratory action challenging the herd district ordinance. They also contended that a recent amendment to I.C. § 31-857 applied retroactively to Piercy's declaratory action. That amendment, enacted on March 23, 2009, and effective on July 1, 2009, added a seven-year statute of limitations to the existing two-year presumption of validity in I.C. § 31-857. Specifically, the amendment stated: "No challenge to the proceedings or jurisdictional steps preceding such an order, shall be heard or considered after seven (7) years has lapsed from the date of the order." I.C. § 31-857. Piercy responded that Guzman and Sutton waived any statute of limitations defense, that I.C. § 31-857 did not apply retroactively to his action, and that the statute violated his procedural and substantive due process rights.

The district court denied Guzman and Sutton's quasi estoppel and estoppel by laches defenses. However, the district court held that I.C. § 31-857 applied retroactively to bar Piercy's declaratory action challenging the herd district ordinance. In the alternative, the district court held that the statute of limitations in I.C. § 5-224 applied to Piercy's declaratory action. In addition, the district court determined Piercy's constitutional challenges to I.C. § 31-857 were "misguided." In conclusion, the district court vacated and reversed its finding that the herd district ordinance was invalid. The district court dismissed Piercy's declaratory action with prejudice and asked Sutton or Guzman to submit a proposed judgment.

4

Following a stipulation by the parties, the district court certified the dismissal of Piercy's declaratory action as a final judgment pursuant to Idaho Rule of Civil Procedure (IRCP) 54(b). Piercy filed a notice of appeal and Guzman and Sutton filed notices of cross-appeal. Canyon County did not cross-appeal. Sutton waived her cross-appeal in her brief before this Court.[2]

## III.

### ISSUES ON APPEAL

1. Whether Respondents waived a statute of limitations defense to Piercy's declaratory action challenging the validity of the herd district ordinance.

2. Whether the statute of limitations in I.C. § 31-857 or I.C. § 5-224 bar Piercy's declaratory action challenging the validity of the herd district ordinance.

3. Whether the Court should correct a statement in the district court's order dismissing Piercy's declaratory action.

## IV.

### STANDARD OF REVIEW

The Court exercises free review over questions of law and matters of statutory interpretation. *Intermountain Real Props., L.L.C. v. Draw, L.L.C.*, 155 Idaho 313, 317–18, 311 P.3d 734, 738–39 (2013). In particular, "[t]he determination of the applicable statute of limitation is a question of law over which this Court has free review.'" *Farber v. Idaho State Ins. Fund*, 152 Idaho 495, 497, 272 P.3d 467, 469 (2012) (quoting *Hayden Lake Fire Prot. Dist. v. Alcorn*, 141 Idaho 388, 403, 111 P.3d 73, 88 (2005)).

The Court exercises free review over the determination and legal effect of a provision in a stipulation. *See Maroun v. Wyreless Sys., Inc.*, 141 Idaho 604, 611, 114 P.3d 974, 981 (2005).

> When reviewing the constitutionality of a statute, this Court exercises free review. To prevail, a challenger must show that the statute is "unconstitutional as a whole, without any valid application." This Court makes "every presumption [ ] in favor of the constitutionality of the statute, and the burden of establishing the unconstitutionality of a statutory provision rests upon the challenger."

*Citizens Against Range Expansion v. Idaho Fish & Game Dep't*, 153 Idaho 630, 633–34, 289 P.3d 32, 35–36 (2012) (alteration in original) (quoting *Idaho Schs. For Equal Educ. Opportunity v. State*, 140 Idaho 586, 590, 97 P.3d 453, 457 (2004)).

## V.

---

[2] Guzman's cross-appeal is also waived because Guzman relied solely on Sutton's brief for Guzman's cross-appeal argument. *See Bach v. Bagley*, 148 Idaho 748, 790, 229 P.3d 1146, 1152 (2010).

**Respondents Did Not Waive A Statute Of Limitations Defense To Piercy's Declaratory Action Challenging The Validity Of The Herd District Ordinance.**

Even though Sutton and Guzman raised a statute of limitations defense based on I.C. § 5-224 in their answers to Piercy's amended action for declaratory relief, Piercy claims that they waived a statute of limitations defense.

A threshold question is which statute of limitations defense Piercy claims Respondents waived. The four-year statute of limitations in I.C. § 5-224 has been in effect since the start of this case. It is this defense that Respondents raised in their answers to Piercy's amended action, and it is clear that Piercy argues on appeal that they waived this defense. The other statute of limitations at issue in this case, I.C. § 31-857, was enacted by the Legislature *after* the district court granted Sutton's and Guzman's motions to reconsider. Respondents could not have raised it at an earlier time because the statute did not exist—the issue is whether or not I.C. § 31-857 applies retroactively.

A.  Respondents adequately pled a statute of limitations defense in their answers to Piercy's amended action for declaratory relief.

Pursuant to IRCP 8(c), "a party shall set forth affirmatively . . . statute of limitations . . . and any other matter constituting an avoidance or affirmative defense." IRCP 8(c). To set forth a statute of limitations defense, the party must "state generally that the action is barred, and allege with particularity the Session Law or the section of the Idaho Code upon which the [party] relies." IRCP 9(h). These pleading requirements, however, do not impose sanctions on a party who fails to abide by them. As the Court explained in *Patterson v. Idaho Dep't of Health & Welfare*, "This Court has interpreted IRCP 8(c) as requiring affirmative defenses to be plead, but without identifying the consequences for failing to do so." 151 Idaho 310, 316, 256 P.3d 718, 724 (2011) (citing *Fuhriman v. Idaho Dep't of Transp.*, 143 Idaho 800, 803–04, 153 P.3d 480, 483–84 (2007)). Because IRCP 8(c) identifies no consequences for failing to plead an affirmative defense, the Court determined that "a party does not waive an affirmative defense for failing to raise it in the initial answer, so long as it is raised before trial and the opposing party has time to respond in briefing and oral argument." *Id.*

Sutton and Guzman raised a statute of limitations defense based on I.C. § 5-224 in their answers to Piercy's declaratory action. They filed their answers before the bench trial on his declaratory action and with adequate time for Piercy to respond. Piercy responded to the statute of limitations defense in his post-trial reply brief, which the district court ordered in lieu of

6

closing arguments. Thus, Respondents did not waive the statute of limitations defense. *See Fuhriman*, 143 Idaho at 804, 153 P.3d at 484 (no waiver of affirmative defense because defendant alerted plaintiff to defense in motion for summary judgment and plaintiff had time to respond and present opposing argument).

The declaratory action was a separate cause of action from the initial negligence action with its own pleadings, motions and memoranda, bench trial, and final judgment. Because the declaratory action is a separate cause of action, Respondents sufficiently raised the statute of limitations defense by pleading it in two of their answers to Piercy's complaint.

B.      Piercy waived any argument on appeal that Respondents cannot assert a statute of limitations defense without Canyon County raising it.

Piercy argues that Sutton and Guzman are barred from raising a statute of limitations defense because Canyon County did not raise the defense in its answer. The district court held that Canyon County waived the right to assert a statute of limitations defense by failing to plead the defense in its answer to Piercy's amended action for declaratory relief. Although the district court held Canyon County waived the issue, the district court determined that Sutton and Guzman adequately raised the issue in their pleadings and had standing. The district court explained, "Sutton and Guzman have an articulated and identifiable financial interest in the outcome of the declaratory action."

Regardless of the merits of Piercy's standing argument, he has waived the issue on appeal. The Idaho Appellate Rules (I.A.R.) require that "[t]he argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to authorities, statutes and parts of the transcript and the record relied upon." I.A.R. 35(a)(6). "This Court has held that if an appellant does not 'assert his assignments of error with particularity and . . . support his position with sufficient authority, those assignments of error are too indefinite to be heard by the Court.'" *Bettwieser v. N.Y. Irrigation Dist.*, 154 Idaho 317, 325, 297 P.3d 1134, 1142 (2012) (quoting *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010)). Piercy provides no authority in his brief for his assertion that only Canyon County, and no other defendant in the declaratory action, may defend the ordinance with a statute of limitations defense. He cites no authority for the proposition that one defendant's failure to raise a defense precludes the other defendants from raising it. He also provides no authority or argument for his assertion that Sutton and Guzman lack standing. Accordingly, Piercy waived this issue on appeal.

7

C.    Respondents did not waive the statute of limitations defense with the parties' stipulation prior to the bench trial on the declaratory action.

Piercy also asserts that Respondents waived the statute of limitations in the parties' joint stipulation. He claims that the stipulation's waiver provision applies to all affirmative defenses to Piercy's declaratory action. Respondents contend that the waiver provision applies to the narrow issue of the timing of the filing of Piercy's declaratory action.

"A stipulation is a contract and its enforceability is determined by contract principles." *Maroun*, 141 Idaho at 611, 114 P.3d at 981. The Court's "primary objective when interpreting a contract is to discover the mutual intent of the parties at the time the contract is made." *Straub v. Smith*, 145 Idaho 65, 69, 175 P.3d 754, 758 (2007). "'If possible, the intent of the parties should be ascertained from the language of the agreement as the best indication of their intent.'" *Id.* (quoting *Opportunity, L.L.C. v. Ossewarde*, 136 Idaho 602, 607, 38 P.3d 1258, 1263 (2002)). The Court construes a stipulation against the drafter. *Id.*

Sutton filed the declaratory action to join Canyon County on October 16, 2007. On March 25, 2008, the district court set the trial for the declaratory action for October 8, 2008. On September 4, 2008, the parties jointly filed a stipulation to amend pleadings and scheduling. Piercy drafted the stipulation. The stipulation allowed Respondents to "Answer the Amended Action for Declaratory Relief filed by Mr. Piercy as provided for in the Idaho Rules of Civil Procedure." But it also required that Respondents "waive any defenses they may have regarding the timing of the filing of Mr. Piercy's Amended Action for Declaratory Relief." Shortly after the district court granted the stipulation, on September 11, 2008, Piercy filed his amended action for declaratory relief. In sum, almost eleven months passed between Sutton's declaratory action and Piercy's amended declaratory action.

> In stipulating to an amendment, a party does not waive all defenses that might otherwise be raised against the claim that is being added. Such a stipulation is generally a matter of courtesy and relieves the plaintiff of the need to file a motion and convince the trial court of the propriety of the amendment. It is not an acknowledgement of the validity of any claim set out in the amended pleading.

*Galloway v. Walker*, 140 Idaho 672, 675, 99 P.3d 625, 628 (Ct. App. 2004). The stipulation here represents the parties' limited agreement allowing Piercy to file an amended pleading to simplify the case and reflect the parties' positions without expending additional time and resources to seek leave from the court. *See* IRCP 15(a). The stipulation is not an endorsement of Piercy's claims set out in the pleading. The waiver simply bars Respondents from challenging the

8

untimely filing of Piercy's amended pleading based on the Idaho rules for amendments to pleadings.

This interpretation of the stipulation is consistent with its purpose "to simplify the procedural posture of the case and to have the pleadings accurately reflect the positions of the different parties." The purpose was procedural housekeeping. There is no indication that the stipulation affected the merits of the declaratory action. Moreover, this narrow interpretation is consistent with the mutual intent of the parties at the time the parties made the stipulation. During the oral argument before the district court on this issue, Piercy's counsel admitted that the parties "never talked about statute of limitations in connection with that stipulation." Sutton's counsel stated that neither he nor Guzman's counsel would have signed the stipulation if it waived their affirmative defenses. To this end, Sutton's counsel explained that the purpose of the stipulation "was simply to indicate that we agree that neither [Sutton nor Guzman] were going to object based on the timing of [Piercy's declaratory action] filing in relationship to the cutoff date for amendments of pleadings." Similarly, Guzman's counsel explained that the waiver referred to filing deadlines. It appears that Piercy believed he was giving up a "tactical advantage" and drafted the stipulation "very particularly" to waive all defenses unbeknownst to the parties. According to Piercy, he should not be faulted if Respondents, who voluntarily signed the stipulation, failed to understand or recognize the true meaning of the waiver provision. Acceptance of Piercy's stipulation strategy might well encourage drafters to make ambiguous contracts and mislead the opposing party. Construing the stipulation against the drafter, Piercy, *Straub*, 145 Idaho at 69, 175 P.3d at 758, avoids use of such a strategy and is consistent with this Court's approach. Respondents did not waive a statute of limitations defense in the joint stipulation.

Respondents adequately raised the statute of limitations defense in I.C. § 5-224 by pleading the defense in Sutton's and Guzman's answers to Piercy's declaratory action.

## VI.

### The Statute Of Limitations In I.C. § 31-857 Bars Piercy's Declaratory Action Challenging The Validity Of Herd District Ordinance.

The district court made two alternative findings regarding the application of the two statutes of limitations to Piercy's declaratory action. The district court first held that I.C. § 31-857, which establishes a seven-year statute of limitations to challenges to the procedural or jurisdictional steps for enacting a herd district ordinance, applied retroactively to Piercy's

9

declaratory action. Second, the district court held that I.C. § 5-224, which contains a catch-all four-year statute of limitations for civil actions, applied to Piercy's declaratory action.

> A. The seven-year statute of limitations amendment to I.C. § 31-857 applies retroactively to bar Piercy's declaratory action.

Prior to the statute of limitations amendment, I.C. § 31-857 provided:

> Whenever any . . . herd district . . . has heretofore been, or shall hereafter be, declared to be created, established, disestablished, dissolved, or modified, by an order of the board of county commissioners in any county of the state of Idaho, a legal prima facie presumption is hereby declared to exist, after a lapse of two (2) years from the date of such order, that all proceedings and jurisdictional steps preceding the making of such order have been properly and regularly taken so as to warrant said board in making said order, and the burden of proof shall rest upon the party who shall deny, dispute, or question the validity of said order to show that any of such preceding proceedings or jurisdictional steps were not properly or regularly taken; and such prima facie presumption shall be a rule of evidence in all courts in the state of Idaho.

Ch. 73, § 25, 1989 Idaho Sess. Laws 117, 127. In short, the statute contained a presumption of validity for all herd district ordinances two years after the ordinance's enactment.

On March 23, 2009, the Legislature amended I.C. § 31-857 by adding a seven-year statute of limitations to the statute. Ch. 43, § 1, 2009 Idaho Sess. Laws 124, 124–25. The amendment stated: "No challenge to the proceedings or jurisdictional steps preceding such an order, shall be heard or considered after seven (7) years has lapsed from the date of the order." *Id.* The Statement of Purpose for the amendment provided:

> This bill establishes a standard seven year statute of limitations for procedural and jurisdictional challenges to the creation of governmental districts under Idaho law. This will eliminate unreasonably delayed legal challenges to the procedures used by the County Commission after seven years have passed, the districts are in place and have been relied upon by the citizens and the county.

Statement of Purpose, H.B. 102, 60th Leg., 1st Reg. Sess. (Idaho 2009). Other than the statute of limitations amendment, the Legislature made no other changes to the statute. The amendment became effective July 1, 2009. Ch. 43, § 1, 2009 Idaho Sess. Laws at 125.

In general, legislation acts prospectively. *Ben Lomond, Inc. v. City of Idaho Falls*, 92 Idaho 595, 601, 448 P.2d 209, 215 (1968). "Retrospective or retroactive legislation is not favored." *Winans v. Swisher*, 68 Idaho 364, 367, 195 P.2d 357, 359 (1948). As such, "a well-settled and fundamental rule of statutory construction" is to construe statutes to have a prospective rather than retroactive effect. *Id.* "Consonant with this view, I.C. § 73-101 states that

'[n]o part of these compiled laws is retroactive, unless expressly so declared.'" *Univ. of Utah Hosp. ex. rel. Harris v. Pence*, 104 Idaho 172, 174, 657 P.2d 469, 471 (1982) (alteration in original) (quoting I.C. § 73-101). "Thus, in Idaho, a statute is not applied retroactively unless there is 'clear legislative intent to that effect.'" *Gailey v. Jerome Cnty.*, 113 Idaho 430, 432, 745 P.2d 1051, 1053 (1987) (quoting *City of Garden City v. City of Boise*, 104 Idaho 512, 515, 660 P.2d 1355, 1358 (1983)).

"[A] statute should be applied retroactively only if the legislature has clearly expressed that intent or such intent is clearly implied by the language of the statute." *Kent v. Idaho Pub. Utils. Comm'n*, 93 Idaho 618, 621, 469 P.2d 745, 748 (1970). The Legislature does not need to "use the words, 'this statute is to be deemed retroactive,'" however. *Peavy v. McCombs*, 26 Idaho 143, 151, 140 P. 965, 968 (1914).

> [I]t is sufficient if the enacting words are such that the intention to make the law retroactive is clear. In other words, if the language clearly refers to the past as well as to the future, then the intent to make the law retroactive is expressly declared within the meaning of [I.C. § 73-101].

*Id.*

With amendments to statutes, this Court has stated that they will not be deemed retroactive in application absent an express legislative statement to the contrary. *Nebeker v. Piper Aircraft Corp.*, 113 Idaho 609, 614, 747 P.2d 18, 23 (1987). The express legislative statement may be in the amendment itself or, as recent cases have recognized, the express legislative statement may be in the original statute or act and extend to future amendments. To this end, this Court explained, "When a legislative act is expressly stated to be retroactive, subsequent amendments to that act are also retroactive, as long as retroactive application would not violate the Constitution." *Bottum v. Idaho State Police Bureau of Criminal Identification Cent. Sex Offender Registry*, 154 Idaho 182, 184, 296 P.3d 388, 390 (2013). For example, the Court determined in *Bottum* that an amendment to the Sex Offender Registration Act (SORA) had a retroactive effect because SORA expressly declared that all of its provisions were retroactive. *Id.* Similarly, the Court determined in *A & B Irrigation Dist. v. Idaho Dep't of Water Res.* that an amendment to the Ground Water Act (GWA) applied retroactively to pre-amendment water rights because the GWA, interpreted in its entirety, "was made retroactive by the express language" in the original act. 153 Idaho 500, 508, 284 P.3d 225, 233 (2012). In that case, the GWA provided that "the administration of all rights to the use of ground water,

whenever or however acquired or to be acquired, shall, unless specifically excepted therefrom, be governed by the provisions of this act." *Id.* at 508, 284 P.3d at 232. As a retroactive act in general, this Court stated that any amendment to the GWA "should be administered in accordance" with the retroactive act. *Id.* at 508, 284 P.3d at 233.

Although I.C. § 31-857 does not have as clear a retroactive provision as in SORA, I.C. § 31-857 has a retroactive provision analogous to that expressed in the GWA. I.C. § 31-857 provides that "[w]henever any . . . herd district . . . has heretofore been, or shall hereafter be, declared to be created . . . by an order," "[n]o challenge to . . . such an order, shall be heard or considered after seven (7) years has lapsed from the date of the order." I.C. § 31-857. This language referencing "any" order that "has heretofore been, or shall hereafter be" is similar to the GWA statute governing all water rights "whenever or however acquired or to be acquired." *See A & B Irrigation Dist.*, 153 Idaho at 508, 284 P.3d at 232. As the GWA governs all water rights whenever acquired, I.C. § 31-857 governs all herd district ordinances whenever enacted. Thus, the seven-year statute of limitations amendment to I.C. § 31-857 should be administered in accordance with the retroactive statute. Accordingly, any past or future herd district ordinance may not be challenged based on its procedural or jurisdictional defects after seven years from the date of its enactment.

Both parties argue that the opposing party's interpretation of the statute of limitations amendment creates absurd results. Piercy contends that applying the amendment retroactively means he "would have had to have been sued and raised his defense that the [o]rdinance was void no later than 1989, before the collision in this case had even taken place." He claims that he has until 2016. Conversely, Sutton contends that Piercy's assertion that "the statute of limitations only applies to districts created after July 1, 2009, does not make sense when the purpose of the amendment is to preclude challenges to old districts. It was not the legislature's intent to grant another seven years to challenge procedural defects in a one hundred year old herd district statute." Even if an unambiguous statute has allegedly absurd results, this Court stated that it does not have the authority to revise or void "an unambiguous statute on the ground that it is patently absurd or would produce absurd results when construed as written." *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 896, 265 P.3d 502, 509 (2011). The Court reasoned:

> The public policy of legislative enactments cannot be questioned by the courts and avoided simply because the courts might not agree with the public policy so announced. Indeed, the contention that we could revise an unambiguous statute

12

because we believed it was absurd or would produce absurd results is itself illogical.

*Id.* (internal citation and quotation marks omitted). Based on this reasoning, I.C. § 31-857 cannot be construed to have a different effect than the unambiguous language of the statute, which seeks to govern all ordinances whenever they are enacted. Therefore, unless the retroactive application of the statute of limitations in I.C. § 31-857 violates the Constitution, *Bottum*, 154 Idaho at 184, 296 P.3d at 390, Piercy's declaratory action is barred because it was filed well over seven years after the enactment of the herd district ordinance on December 10, 1982.

B.      The retroactive statute of limitations in I.C. § 31-857 does not violate the procedural or substantive due process rights in the United States and Idaho Constitutions.

The United States and Idaho Constitutions protect against state deprivation of a person's "life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV, § 1; IDAHO CONST. ART. I, § 13. Piercy argues that the statute of limitations amendment to I.C. § 31-857 violates his procedural and substantive due process rights.

1.      *Piercy's procedural due process rights are not violated by the statute of limitations in I.C. § 31-857.*

"Procedural due process requires that 'there must be some process to ensure that the individual is not arbitrarily deprived of his rights in violation of the state or federal constitutions.'" *In re Pangburn*, 154 Idaho 233, 242, 296 P.3d 1080, 1089 (2013) (quoting *Aberdeen-Springfield Canal Co. v. Peiper*, 133 Idaho 82, 91, 982 P.2d 917, 926 (1999)).

"To determine whether an individual's due process rights under the Fourteenth Amendment have been violated, courts must engage in a two-step analysis. The Court must first decide whether the individual's threatened interest is a liberty or property interest under the Fourteenth Amendment." *Bradbury v. Idaho Judicial Council*, 136 Idaho 63, 72–73, 28 P.3d 1006, 1015–16 (2001). In the second step, the Court "determines what process is due." *Id.* at 73, 28 P.3d at 1016.

"A deprivation of property encompasses claims where there is a legitimate claim or entitlement to the asserted benefit under either state or federal law." *Id.* at 72, 28 P.3d at 1015.

Whether a property interest exists can be determined only by an examination of the particular statute, rule or ordinance in question. The existence of a liberty or property interest depends on the "construction of the relevant statutes," and the "nature of the interest at stake." The procedural protection of property guaranteed

13

by the Fourteenth Amendment "is a safeguard of the security of interests that a person has already acquired in specific benefits."

*Id.* at 73, 28 P.3d at 1016 (quoting *Maresh v. Idaho Dep't of Health & Welfare*, 132 Idaho 221, 226, 970 P.2d 14, 19 (1998)). To receive due process, the property interest must be an identifiable and legitimate claim or entitlement to a specific benefit provided by state or federal law.

Piercy claims to have more than one property interest. He claims to have an interest in being able to have his cattle roam in open range without being subject to liability for an accident caused if his cattle wander onto the roadway. He also claims to have a personal property interest because herd districts are also taxing districts that affect personal property. He claims to have "gained the right to challenge" the notice and opportunity process because the Legislature provided for the right to have notice and an opportunity to be heard prior to the enactment of a herd district ordinance.

None of these alleged interests is a protected property interest for purposes of procedural due process. The statutes governing herd districts, I.C. §§ 25-2401 to -2409, do not entitle an individual to the benefits of an open range area. Rather, the statutes provide that open range areas are subject to modification into herd districts by the county commissioners. *See* I.C. § 25-2401. If anything, the herd district statutes grant individuals the ability to petition the county commissioners to create, modify, or eliminate a herd district, but this ability is not an unrestricted or guaranteed right. A petition must be supported by a majority of landowners in the interested area and, to become an ordinance, the petition must be supported by a majority of landowners owning fifty-percent of the land in interested area. *See* I.C. §§ 25-2402 to -2404. As such, this ability to petition certainly is not an entitlement to open range areas or limited liability. Further, the "right to challenge" the petition process is not a specific benefit provided by state law. There is no "right to challenge" an existing herd district ordinance due to its flawed enactment procedures in the relevant statutes; there is only the limited statutory ability to petition to create, modify, or eliminate an ordinance in accordance with the statute's procedures.

> 2. *Piercy's substantive due process rights are not violated by the statute of limitations in I.C. § 31-857.*

"'Substantive due process' means 'that state action which deprives [a person] of life, liberty, or property must have a rational basis—that is to say, the reason for the deprivation may not be so inadequate that the judiciary will characterize it as 'arbitrary.'" *Halvorson v. N. Latah*

14

*Cnty. Highway Dist.*, 151 Idaho 196, 207, 254 P.3d 497, 508 (2011) (quoting *Bradbury*, 136 Idaho at 69, 28 P.3d at 1012 (alternation in original)).

For substantive due process claims, the Court applies "the rational basis test's deferential standard of review when dealing with legislation regarding economic interests." *In re Jerome Cnty. Bd. of Comm'rs*, 153 Idaho 298, 315, 281 P.3d 1076, 1093 (2012).

> Substantive due process requires that a statute bear a reasonable relationship to a permissible legislative objective. Where it is at least debatable that governmental conduct is rationally related to a legitimate governmental interest, no violation of substantive due process will be found. In this context, legislative acts are presumed valid and only overcome by clearly showing arbitrariness and irrationality.

*Id.* (internal citations and quotation marks omitted).

Assuming that Piercy has experienced a deprivation of property, he cannot show that the statute of limitations does not bear a rational relationship to a legitimate government interest. He argues, "By enacting an absolute bar on challenges to the due process requirements of county ordinances, the legislature has capriciously cut off legitimate due process challenges without allowing any inquiry into whether a challenge has been unreasonably delayed." Piercy fails to realize that the Legislature has not enacted an absolute bar. Interested citizens have up to seven years after an ordinance's enactment to challenge it. Moreover, a statute of limitations may bar a constitutional right. *See Wadsworth v. Idaho Dep't of Transp.*, 128 Idaho 439, 442, 915 P.2d 1, 4 (1996) (citing *United States v. Dickinson*, 331 U.S. 745 (1947)); *see also McCuskey v. Canyon Cnty. Comm'rs*, 128 Idaho 213, 215–18, 912 P.2d 100, 102–05 (1996) (holding that an inverse condemnation action was barred by the four-year statute of limitation in I.C. § 5-224). "'The policy behind statutes of limitations is protection of defendants against stale claims, and protection of the courts against needless expenditures of resources.' Statutes of limitation are designed to promote stability and avoid uncertainty with regards to future litigation." *Wadsworth*, 128 Idaho at 442, 915 P.2d at 4 (quoting *Johnson v. Pischke*, 108 Idaho 397, 402, 700 P.2d 19, 25 (1985)). The Legislature's statement of purpose for the statute of limitations in I.C. § 31-857 reflects these policies. The purpose states: "This will eliminate unreasonably delayed legal challenges to the procedures used by the County Commission after seven years have passed, the districts are in place and have been relied upon by the citizens and the county." Statement of Purpose, H.B. 102, 60th Leg., 1st Reg. Sess. (Idaho 2009). The government's interest in providing its citizens and the county with some reliability and finality for its herd

15

district ordinances is permissible and legitimate as is an interest in encouraging timely challenges to statutes and ordinances. The statute of limitations bears a rational relationship to the government's legitimate interests in curbing stale challenges and providing reliable ordinances. Therefore, there is no violation of substantive due process.

## VII.

### The Four-Year Statute Of Limitations In I.C. § 5-224 Also Bars Piercy's Declaratory Action.

I.C. § 5-224 "is the statute of limitations for all actions not specifically provided for in another statute." *McCuskey*, 128 Idaho at 216, 912 P.2d at 103. This statute of limitations has been referred to as a "catch-all provision." *Hoglan v. First Sec. Bank of Idaho, N.A.*, 120 Idaho 682, 685, 819 P.2d 100, 103 (1991). "I.C. § 5-224 requires that claims within its purview 'must be commenced within four (4) years after the cause of action shall have accrued.'" *McCuskey*, 128 Idaho at 216, 912 P.2d at 104 (quoting I.C. § 5-224). I.C. § 5-224 applies to all civil actions except when another section of Title 5, Chapter 2 governs the particular cause of action or when "a different limitation" for "special cases" is prescribed by another section in the Idaho Code. I.C. §§ 5-201, -224. In this case I.C. § 31-857 is such a limitation for special cases.

If I.C. § 31-857 did not apply retroactively, Piercy's declaratory action challenging the herd district ordinance would fall within the purview of I.C. § 5-224 because it is a civil action that lacks a different limitation provided by another statute. *McCuskey*, 128 Idaho at 216–17, 912 P.2d at 103–04. The two-year presumption of validity in I.C. § 31-857 is not a different limitation prescribed by statute that overrides the catch-all statute of limitations in I.C. § 5-224. The two-year presumption in I.C. § 31-857 is "a rule of evidence" to assign "the burden of proof." I.C. § 31-857. These words in the statute "'must be given their plain, usual, and ordinary meaning.'" *Brannon v. City of Coeur d'Alene*, 153 Idaho 843, 848, 292 P.3d 234, 239 (2012) (quoting *Verska*, 151 Idaho at 893, 265 P.3d at 506).

A cause of action to challenge the validity of the herd district ordinance based on improper jurisdictional or procedural steps accrued on the date that the Canyon County Commissioners enacted the ordinance: December 10, 1982. *See Canady v. Coeur d'Alene Lumber Co.*, 21 Idaho 77, 93, 120 P. 830, 835 (1911). Piercy did not file his declaratory action within four years of that date. His action would have been barred under this statute of limitations prior to the amendment to I.C. § 31-857.

## VIII.

16

**The Court Will Not Correct A Statement In The District Court's Order Dismissing Piercy's Declaratory Action.**

Piercy asks this Court to correct a statement made by the district court in its order dismissing Piercy's declaratory action. The district court stated in its order: "There was actual public notice given of the Board of Commissioners intent to consider and possibly adopt the ordinance." The district court relied on this fact in part to determine when Piercy's cause of action accrued for purposes of the statute of limitations in I.C. § 5-224. Piercy asks this Court to change the district court's statement because he claims that the evidence at the bench trial revealed no actual notice prior to the adoption of the herd district ordinance. One of the reasons Piercy offers for this alleged error is that Judge Ford, who took over the case from Judge Petrie and ordered the dismissal of Piercy's action, did not preside at the bench trial. He asks the Court to correct the statement "to state that there was no actual public notice of the Board of Commissioners' intent to consider and possibly adopt the ordinance." This lack of notice, Piercy contends, "is relevant to [his] constitutional and substantive arguments."

This request by Piercy is meritless. First, there is no indication in the record that the district court refused a motion by Piercy to reconsider or clarify its order or that Piercy even filed such a motion. It is unclear how this Court can alter the district court's factual findings. The Court could find them unsupported or in error, but the Court cannot change what they say. Second, Piercy provides no authority for his request. "A general attack on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors, is insufficient to preserve an issue. . . . Consequently, to the extent that an assignment of error is not argued and supported in compliance with the I.A.R., it is deemed to be waived." *Bach*, 148 Idaho at 790, 229 P.3d at 1152; *see also* I.A.R. 35(a)(6). With no authority to support Piercy's attack on the district court's statements, this argument is waived. Finally, Judge Ford's statement does not affect the outcome of this case. Piercy's declaratory action is barred under the seven-year statute of limitations in I.C. § 31-857 regardless of any notice. *See Nampa & Meridian Irrigation Dist. v. Mussell*, 139 Idaho 28, 33, 72 P.3d 868, 873 (2003) ("Where the lower court reaches the correct result by an erroneous theory, this Court will affirm the order on the correct theory.") I.C. § 31-857 clearly sets the date of accrual for challenges to a herd district ordinance as the date of the ordinance's enactment. The request to alter the district court's findings is denied.

## IX.

At oral argument Piercy argued that the herd district would only include swine because the ordinance failed to designate the kinds of animals controlled by it. This issue was not briefed and will not be considered.

## X.

### CONCLUSION

The decision of the district court is affirmed. Neither party requested attorney's fees on appeal. Respondents are awarded costs.

Chief Justice BURDICK, Justices J. JONES and HORTON, CONCUR.

Justice EISMANN, concurring in part.

I concur in the majority opinion except for Part VI.B.2. discussing substantive due process. The words due process in the Fifth and Fourteenth Amendments to the Constitution of the United States and in article I, section 13, of the Constitution of the State of Idaho only meant procedural due process when they were adopted. The concept of substantive due process is simply a doctrine created by courts to permit them to strike down statutes with which they personally disagree. Because courts lack the authority to change the meaning of the words in either Constitution, I do not concur in this part. Since the majority does not find any merit in Piercy's claim based upon substantive due process, I have no need to dissent

18