**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42788**

| | | |
|---|---|---|
| **JOSHUA V. HAUSER,** | ) | **2015 Unpublished Opinion No. 755** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: December 9, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Latah County. Hon. John R. Stegner, District Judge.

Order denying petition requesting release from sex offender registry requirements, <u>affirmed</u>.

Vasseur & Schlotthauer, PLLC; Thomas M. Vasseur, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Cheryl Emmons Meade, Deputy Attorney General, Meridian, for respondent.

_____

GRATTON, Judge

Joshua V. Hauser appeals from the district court's denial of his petition to be released from sex offender registry requirements. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 1996, Hauser was a student at the University of Idaho and he downloaded several child pornography files to the University of Idaho's web server. Hauser subsequently pled guilty to possession of sexually exploitative materials for other than a commercial purpose in violation of Idaho Code § 18-1507A, which required him to register as a sex offender.

In 2012, the legislature repealed I.C. § 18-1507A and removed all mention of it in the statute listing the offenses that require registration. Simultaneously, the legislature amended I.C. § 18-1507 to include the offense of possession of sexually exploitative materials for other than a

1

commercial purpose. During the same session, the legislature also expanded the definition of aggravated offense to include any offense requiring sex offender registration if the victim was "below the age of thirteen years."

Hauser then filed a petition requesting to be released from sex offender registration requirements. The district court denied the petition. The court found that Hauser did not qualify for release from registration because he committed an aggravated offense. The children depicted in the images he possessed were below thirteen years of age. A motion for reconsideration was filed. Hauser claimed that the district court failed to properly interpret and apply the relevant statutes and that the application of the aggravated offense statute violated the ex post facto doctrine and his due process rights. The district court denied the motion for reconsideration. Hauser timely appeals.

## II.

## ANALYSIS

### A.    Statutory Interpretation

Hauser asserts that the district court erred in its interpretation of the Sex Offender Registration Notification and Community Right-to-Know Act (SORA). The interpretation of a statute is an issue of law over which we exercise free review. *Aguilar v. Coonrod*, 151 Idaho 642, 649-50, 262 P.3d 671, 678-79 (2011). Such interpretation must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011). It is well established that where statutory language is unambiguous, legislative history and other extrinsic evidence should not be consulted for the purpose of altering the clearly expressed intent of the legislature. *Id.* Only where a statute is capable of more than one conflicting construction is it said to be ambiguous and invoke the rules of statutory construction. *L & W Supply Corp. v. Chartrand Family Trust*, 136 Idaho 738, 743, 40 P.3d 96, 101 (2002). If it is necessary for this Court to interpret a statute because an ambiguity exists, then this Court will attempt to ascertain legislative intent and in construing the statute, may examine the language used, the reasonableness of the proposed interpretations, and the policy behind the statute. *Kelso & Irwin, P.A. v. State Insurance Fund*, 134 Idaho 130, 134, 997 P.2d 591, 595 (2000). Where the language of a statute is ambiguous, constructions that lead to absurd or unreasonably harsh results are disfavored. *See Jasso v. Camas County*, 151 Idaho 790, 798, 264 P.3d 897, 905 (2011).

Hauser argues that he is not required to register as a sex offender because the criminal statute under which he was charged has been repealed. Idaho Code § 18-8304 enumerates the offenses requiring registration. The statute Hauser violated was listed as an offense requiring registration until it was repealed and re-codified in 2012 by I.C. § 18-1507: sexual exploitation of a child. 2012 Idaho Sess. Laws ch. 269 § 3 p. 754; 2012 Idaho Sess. Laws, ch. 269 § 4, pp. 754-55. Idaho Code § 18-1507 became the statute's successor because it incorporated the crime that I.C. § 18-1507A sought to prohibit.[1] Hauser's act of possessing sexually exploitative material[2] is sexual exploitation of a child, and sexual exploitation of a child is unambiguously listed as a violation that requires registration.[3]

Hauser also asserts that the children depicted in the images he downloaded are not his victims because his harm to them was not direct. It is considered an aggravated offense to commit a crime listed in I.C. § 18-8304 "if at the time of the commission of the offense the victim was below the age of thirteen years." I.C. § 18-8303(1). Idaho Code defines victim as "an individual who suffers direct or threatened physical financial or emotional harm as the result of the commission of a crime . . . ." I.C. § 19-5306(5)(a); *State v. Hansen*, 156 Idaho 169, 174, 321 P.3d 719, 724 (2014). A child depicted in child pornography is a victim of the person possessing her image. *Paroline v. United States*, 134 S. Ct. 1710, 1715 (2014). The victim is caused continuing harm because "child pornography is 'a permanent record' of the depicted

---

[1] *Compare* Idaho Code § 18-1507(2)(a) after the 2012 amendment: "A person commits sexual exploitation of a child if *he knowingly and willfully: (a) possesses or accesses through any means including, but not limited to, the internet, any sexually exploitative material . . .*" (emphasis added), *with* I.C. § 18-1507A as written when Hauser pled guilty in 1996: "Every person who knowingly and willfully has in his possession any sexually exploitative material as defined in section 18-1507, Idaho Code, for other than a commercial purpose, is guilty of a felony . . . ." I.C. § 18-1507A(2).

[2] Idaho Code § 18-1507(j) defines sexually exploitative material:
"Sexually exploitative material" means any image, photograph, motion picture, video, print, negative, slide, or other mechanically, electronically, digitally or chemically produced or reproduced visual material which shows a child engaged in, participating in, observing, or being used for explicit sexual conduct, or showing a child engaging in, participating in, observing or being used for explicit sexual conduct, in actual time, including, but not limited to, video chat, webcam sessions or video calling.

[3] Idaho Code § 18-8304 states: "(1) The provisions of this chapter shall apply to any person who: (a) On or after July 1, 1993, is convicted of the crime . . . 18-1507 (sexual exploitation of a child) . . . ."

3

child's abuse, and 'the harm to the child is exacerbated by [its] circulation.'" *Id.* at 1717 (quoting *New York v. Ferber*, 458 U.S. 747, 759 (1982)). The Idaho Supreme Court similarly discussed the victimization caused by the continued possession of child pornography, "the materials produced by child pornographers permanently record the victim's abuse. The pornography's continued existence causes the child victims continuing harm by haunting the children in years to come." *State v. Claiborne*, 120 Idaho 581, 585, 818 P.2d 285, 289 (1991) (quoting *Osborne v. Ohio*, 495 U.S. 103, 111 (1990)). Thus, the children depicted in child pornography are the victims of those who possess it because those who possess it cause the victims continuous emotional harm by having their abuse depicted, memorialized, and trafficked. *See Claiborne*, 120 Idaho at 585, 818 P.2d at 289. The children depicted in the images Hauser possessed are his victims pursuant to I.C. § 19-5306(5)(a) and I.C. § 18-8303(1).

**B. Constitutional Issues**

**1. Ex post facto doctrine**

Hauser claims that his offense should not be considered an aggravated offense because it was not an aggravated offense when he pled guilty. This Court has unambiguously rejected this argument. The constitutions of Idaho and the United States prohibit ex post facto laws. U.S. Const. art. I, § 10, cl. 1; Idaho Const. art. I, § 16. "[T]he ex post facto doctrine prohibits a state from retroactively increasing the punishment for criminal acts." *State v. Gragg*, 143 Idaho 74, 75, 137 P.3d 461, 462 (Ct. App. 2005). But "civil proceedings" do not amount to a violation of the ex post facto clauses. *Id.* at 76, 137 P.3d at 463. Whether a statutory scheme is civil or criminal is a question of statutory construction. *Id.*; *see Smith v. Doe*, 538 U.S. 84, 92 (2003).

> The process of statutory construction begins by determining "whether the legislature, in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or the other." Thereafter, a seven-factor, nonexhaustive test is used to determine whether the effects of the regime are so punitive so as to overcome the State's intention to create a civil proceeding.

*Groves v. State*, 156 Idaho 552, 554, 328 P.3d 532, 534 (Ct. App. 2014) (quoting *Gragg*, 143 Idaho at 76, 137 P.3d at 463).

A defendant convicted of a sex offense is generally required to register for life. But there is a statutory provision that allows a registrant to petition the district court to be excused from registering if the crime was not an aggravated offense.[4] Aggravated offenses require lifetime

---

[4] Registration under this act is for life; however, any offender, other than a recidivist, an offender who has been convicted of an aggravated offense, or an

registration without exception.  Hauser's crime was not listed as an aggravated offense when he was convicted, but "a long line of Idaho cases have upheld SORA over ex post facto challenges." *Groves*, 156 Idaho at 555, 328 P.3d at 535.  This Court has "concluded that the effects of sex offender registration are not so punitive as to override the legislative intent to create a civil, regulatory scheme." *Id*.  And the statutory scheme expressly applies retroactively to any person who pleads guilty to or has been found guilty of a crime covered in this chapter prior to July 1, 1993, and the person, as a result of the offense, is incarcerated in a county jail facility or a penal facility or is under probation or parole supervision, on or after July 1, 1993.  I.C. § 18-8304(d); *Bottum v. Idaho State Police, Bureau of Criminal Identification Cent. Sex Offender Registry*, 154 Idaho 182, 183, 296 P.3d 388, 389 (2013).  Therefore, the retroactive application of SORA to Hauser will be upheld unless that application results in a constitutional violation.

## 2. Due process rights

Hauser asserts that his due process rights have been violated because the criminal information failed to specify the ages of his victims.  He argues that the clause making it an aggravated offense to commit a sex offense against someone below the age of thirteen is void for vagueness, because it fails to provide fair notice of its punishable conduct.  Where a defendant claims that his or her right to due process was violated, we defer to the trial court's findings of fact if supported by substantial evidence.  *State v. Smith*, 135 Idaho 712, 720, 23 P.3d 786, 794 (Ct. App. 2001).  However, we freely review the application of constitutional principles to those facts found.  *Id.*

First, Hauser has failed to provide a cognizable liberty or property interest in obtaining release from registration to support his due process claim.  This Court has expressly held that "a sex offender is not entitled to additional procedural due process in determining whether his

---

offender designated as a violent sexual predator, may, after a period of ten (10) years from the date the offender was released from incarceration or placed on parole, supervised release or probation, whichever is greater, petition the district court for a show cause hearing to determine whether the offender shall be exempted from the duty to register as a sexual offender.

I.C. § 18-8310(1).

5

offense is an aggravated offense." *Groves*, 156 Idaho at 558-59, 328 P.3d at 538-39.[5] In *Groves*, the defendant had been granted a hearing to determine if he had committed an aggravated offense, but was not allowed to call witnesses because he had failed to provide notice of his intent to do so. *Id*. at 557, 328 P.3d at 537. The defendant claimed that he was entitled to additional due process because the amendments to SORA created a "badge of infamy" that created a liberty interest in a hearing where he could call his witnesses. *Id*. The Court held that "the duty to register is triggered 'solely on the fact of conviction of a predicate offense' and because an offender was provided due process to dispute that charge prior to his conviction, he is not entitled to additional due process." *Id*. (quoting *Smith v. State*, 146 Idaho 822, 828, 203 P.3d 1221, 1227 (2009)). Similarly, Hauser was provided due process to dispute his underlying charge, and he chose to plead guilty. In addition, Hauser was granted a show-cause hearing, submitted briefing, presented oral argument to the district judge, and testified on his own behalf. His due process rights were not violated, and he has no right to additional due process.

Second, Hauser received adequate notice of his punishable conduct. Hauser argues that the clause making it an aggravated offense to commit a sex crime against a victim below thirteen years of age invites arbitrary enforcement. Specifically, he asserts that the criminal information failed to list the ages of his victims, and thus failed to give him adequate notice. This argument confuses what notice is required in the criminal context and what is required to enforce a civil remedy. In the criminal context, due process demands that there be factual specificity adequate to "enable a person of common understanding to know what is intended." I.C. § 19-1418(6); *State v. Grady*, 89 Idaho 204, 208, 404 P.2d 347, 349 (1965). But that due process right is waived unless raised before trial. *State v. Jones*, 140 Idaho, 755, 758, 101 P.3d 699, 702 (2004). Hauser's criminal information did not list the ages of his victims, but did describe the victims as "children." For the purpose of prosecution, the exact ages of the children were unnecessary because I.C. § 18-1507A prohibited the possession of sexually exploitative material depicting any child,[6] not only those below thirteen years of age. Thus, the material contained in Hauser's

---

[5]    *See also Smith v. State*, 146 Idaho 822, 828, 203 P.3d 1221, 1227 (2009) (concluding that the duty to register as a sex offender is triggered simply by reason of conviction for a specified crime, as opposed to classification as a violent sexual predator which is based upon a factual determination of probable future conduct).

[6]    "Child" means a person who is less than eighteen (18) years of age. I.C. § 18-1507(1)(b).

criminal information was sufficient to put a person of common understanding on notice of his punishable conduct. Further, Hauser's right to challenge the sufficiency of the information is waived because he did not challenge the sufficiency of the information before he pled guilty.

Last, Hauser has the burden to prove by "clear and convincing evidence . . . that the petitioner . . . has not been convicted of an aggravated offense." I.C. § 18-8310(4). Hauser failed to do so. The only evidence presented in the record that indicates the age of Hauser's victims is an affidavit provided by a bureau manager for the Bureau of Criminal Identification, swearing that "victims were 4 to 16 years of age" at the time of the commission of the offense. Hauser's only offer of proof to support his contention is the lack of the victims' ages in the information. Hauser provides no authority for the proposition that the court, in this context, may look only to the information to determine the proper application of the registration statute. The State's affirmative proof, in conjunction with Hauser's lack of proof, supports the district court's finding that there was no clear and convincing evidence that Hauser was not convicted of an aggravated offense. Hauser was given a fair opportunity to prove that he was not convicted of an aggravated offense, and he failed to do so. Hauser's petition was properly denied by the district court.

## C.    Attorney Fees

The State asks this Court to award attorney fees pursuant to I.C. § 12-117. An award of attorney fees may be granted to the prevailing party and such an award is appropriate when the "nonprevailing party acted without a reasonable basis in fact or law." I.C. § 12-117(1). We cannot say that this appeal was without a reasonable basis in fact or law. Therefore, we will not award attorney fees.

### III.

### CONCLUSION

Hauser has failed to prove, by clear and convincing evidence, that he was not convicted of an aggravated offense. Therefore, he is subject to lifetime registration. His crime is unambiguously listed in the Idaho Code as a violation requiring registration, and the retroactive application of the aggravated offense statute does not violate the ex post facto doctrine or Hauser's due process rights. Additionally, we decline to award attorney fees to the State. The district court's order denying Hauser's petition to be released from sex offender registry requirements is affirmed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.