[95 P.2d 357

## WINANS v. SWISHER.

### No. 7427.

Supreme Court of Idaho.

June 22, 1948.

Wm. D. Keeton, of St. Maries, for appellant.

Carl M. Buell, of St. Maries, for respondent.

BUDGE, Justice.

The facts in this case are not in dispute, and are substantially, as follows:

Respondent is the duly elected, qualified and acting county treasurer and ex-officio tax collector of Benewah County, Idaho. June 21, 1947, appellant filed a petition for writ of mandate to compel respondent, in her official capacity, to allow him to redeem the Southwest Quarter of the Northeast Quarter, Section 32, Township 46 North, Range 2 West Boise Meridian, from tax deed made to said county March 14, 1936, as a result of appellant's failure to pay taxes on the above described land for the years 1930 to and including the year 1946. Appellant purchased the property from Benewah County by tax deed June 14, 1930, thereby becoming the record owner thereof. June 20, 1947, appellant applied to respondent for a statement of the taxes, penalty, and interest which had accrued for the

year 1930 and subsequent years, to and including the year 1946. Respondent thereupon made application to the county assessor to place a value on the property for assessment purposes for the years the property had stood in the name of Benewah County, and the assessor placed a value of $40.00 for each year; that appellant then demanded that respondent extend the tax roll for the year 1930 to and including the year 1946, and determine the amount of taxes, penalty, interest, and costs due said county. Respondent furnished appellant with a statement in the amount of $55.92. Thereupon appellant tendered to respondent said amount in cash, and demanded that respondent issue to him a redemption deed to the property. Notwithstanding said offer and demand by appellant, respondent refused and still refuses to accept said taxes, penalty, interest, and costs accrued against the property for said years, and refused and still refuses to execute to appellant a redemption deed to said property. An alternative writ of mandate was issued, time fixed for hearing, at which time respondent appeared and moved to quash the writ and dismiss the proceedings "for the reason that admitting all the facts stated in the Petition for Writ of Mandate to be true, the Petition does not state facts sufficient to entitle the plaintiff to a Writ of Mandate relief prayed for or for any relief." Thereafter an order quashing the writ, and judgment dismissing the proceedings were entered, from which order and judgment this appeal was taken.

Appellant assigns seven specifications of error, which we do not deem necessary to discuss separately in view of the conclusion reached, as will hereinafter appear.

■ The writ of mandate was the proper remedy (Sections 13-301 to 13-314, I.C.A.; State v. Stuart, 41 Idaho 126, 238 P. 305), and the petition stated facts sufficient to withstand the assault of the motion to quash the writ.

There is but one question necessary to be decided on this appeal, viz., whether sec. 61-1023, I.C.A., as amended by Chapter 101, Sess.Laws 1935, or whether said section as further amended by Chapter 165, Sess.Laws 1947, applies to the facts herein.

It will be remembered that the county became the owner of the property herein involved by tax deed dated March 14, 1936, and, further, that the amendment to sec. 61-1023, I.C.A., by Chapter 101, Sess.Laws 1935, was in effect at that time.

■ We think the correct principle to be applied is that property subject to redemption, and time of redemption should be governed by the law in effect at the time the county obtained title to the property. Under the amendment to sec. 61-1023, I.C.A., by Chapter 101, Sess.Laws 1935, it is provided: "61-1023. Redemption.—The property described in any delinquency entry may be redeemed from tax sale by the owner thereof, or any party in interest, on or after the fourth Monday of January after, and within three years from the date thereof, or until tax deed is issued to the county,

and thereafter and up to the time * * * a contract of sale thereof is entered into by the board of county commissioners, * * * or the property has been transferred by county deed, by paying to the county treasurer the amount of the original tax or taxes for which the property was sold, together with the penalty and interest thereon, and also the original amount of all unpaid taxes levied or assessed against the said property at the time the right of redemption expired, together with penalty and interest thereon, and also by paying the taxes for the year or years since the date of issuance of tax deed to the county, together with penalty and accrued interest thereon. All taxes accruing against such property subsequent to the issuance of deed to the county shall be extended upon a valuation to be given by the assessor, upon application of the treasurer, and the taxes shall be computed according to the authorized levies for the year or years to be extended. Upon payment to the county treasurer of the amounts required to be paid as herein provided, the county treasurer must issue a redemption deed to the redemptioner."

In construing the above provisions attention is called to the case of Lawrence v. Defenbach, 23 Idaho 78, 128 P. 81, and cases therein cited; 51 Am.Jur. p. 971, sec. 1126.

■ The county was still the owner, subject to right of redemption of the property herein referred to, at the time application was made by appellant to redeem the property, and no contract of sale thereof had been made by the board of county commissioners, therefore appellant was entitled to a redemption deed as provided by said Chapter 101, Sess.Laws 1935, by paying to the county treasurer the amount of the original tax or taxes for which the property was sold, together with the penalty and interest thereon, and also the original amount of all unpaid taxes levied or assessed against the property at the time the right of redemption expired, together with penalty and interest thereon, and also by paying the taxes for the years since the date of issuance of tax deed to the county, together with penalty and accrued interest thereon.

Chapter 165, Sess.Laws 1947, amending sec. 61-1023, I.C.A., is not retroactive. Section 70-101, I.C.A., is as follows: "No part of these compiled laws is retroactive, unless expressly so declared."

■ Discussing the rule of statutory construction, and quoting from 59 C.J., p. 1159, sec. 692, that author uses the following language: "Retrospective or retroactive legislation is not favored. Hence, it is a well-settled and fundamental rule of statutory construction, variously stated, that all statutes are to be construed as having only a prospective operation, and not as operating retrospectively. It is equally well settled as a fundamental rule of statutory construction supported and established by numerous judicial decisions that statutes are not to be construed as having a retroactive effect. Both the above statements and rules are of

course contingent upon the absence of any words expressing a contrary intention, or, more specifically, unless the purpose and intention of the legislature to give them a retrospective effect clearly, expressly, plainly, obviously, unequivocally, and unmistakably appears, or is clearly, or as has sometimes been stated in instances where the subject matter was under consideration, distinctly, undisputably, manifestly, most positively, most explicitly, plainly, unambiguously, unequivocally, or unmistakably, or shown, by express declaration or command, or by a very clear, fair, necessary, unavoidable or unequivocable implication. In every case of doubt, the doubt must be solved against the retrospective effect and in favor of prospective construction only. Where a statute is expressly or by clear implication made retroactive to a certain extent or for a certain purpose, the courts will not by construction give to it a retroactive operation to any greater extent or for any other purpose." See, also, 50 Am.Jur. p. 494, sec. 478.

The court erred in sustaining the motion to quash the alternative writ of mandate and dismissing the proceedings. The cause is ordered reinstated, and respondent be required to make due return to said writ, and such further proceedings be had as herein indicated. Costs to appellant.

GIVENS, C.J., and HOLDEN, MILLER and HYATT, JJ., concur.