## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 43097

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

DANIEL WILLIAM LEARY,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Boise, April 2016 Term

2016 Opinion No. 63

Filed: June 1, 2016

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

The judgment of the District Court is <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender, Boise, attorney for appellant. Ben P. McGreevy argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, attorney for respondents. Kenneth K. Jorgensen argued.

_____

W. JONES, Justice

### I. NATURE OF THE CASE

Daniel Leary ("Leary") appeals from the district court's order revoking probation and imposing his sentence. He contends that the district court erred in calculating his credit for time served. He argues that the 2015 amendments to Idaho Code sections 18-309 and 19-2603 (the "Credit Statutes")—providing that credit for time served includes time served as condition of probation—should be given retroactive effect. Such retroactive effect would require the district court to give him credit for all time served on previous drug court bench warrants, which were a condition of his probation.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On February 2, 2012, Leary pleaded guilty to felony possession of a controlled substance under Idaho Code section 37-2732(c). On May 17, 2012, the district court entered judgment, imposing a sentence for a term not to exceed seven years. At sentencing, the district court, in accordance with Idaho Code section 18-309, as it was written at the time, credited Leary with

1

twenty-three days served in prejudgment incarceration towards the fixed portion of his sentence. Under Idaho Code section 19-2601(4), the district court retained jurisdiction for an indeterminate period of time, not to exceed 365 days. On September 20, 2012, upon Leary's completion of the rider program, the district court suspended the imposition of the judgment and placed Leary on probation for five years. The district court required, and Leary agreed, that probation was subject to terms and conditions, which included Leary's participation in any and all programs of rehabilitation recommended by his probation officer. Additionally, the terms and conditions included that Leary was subject to incarceration at the discretion of his probation officer. The district court's Order Suspending Sentence and Order of Probation notified Leary that "time spent on probation is not credited against any underlying incarceration (jail time or prison) imposed. [Leary] is at risk for imposition of the entire underlying sentence with credit for any time served which was not imposed as a condition of probation . . . ." In the Order, the district court stated that Leary shall receive credit for 149 days served.

In December of 2012, the State filed a Motion for Bench Warrant for Probation Violation, alleging that Leary had violated his probation agreement by, among other things, using controlled substances, failing to successfully complete a rehabilitation program, and absconding from supervision. The district court issued a bench warrant, and Leary was arrested on December 7, 2012. Subsequently, the district court ordered the revocation of probation, imposed the sentence, retained jurisdiction, and credited Leary for 214 days served. On May 23, 2013, after Leary's completion of a second rider program, the district court again suspended the sentence and placed him on probation, crediting him with 340 days served.

On December 20, 2013, the State filed another Motion for Probation Violation. Leary admitted two of the alleged probation violations: (1) using marijuana; and (2) using methamphetamine. On February 21, 2014, the district court entered an Order Reinstating, Amending, and Extending Probation. The Order provided that Leary violated his probation, but that probation should continue. Additionally, the district court required Leary, as a condition of probation, to apply, and if accepted, successfully complete the Ada County Drug Court Program. The district court provided that Leary may be required to serve an additional ninety days in the Ada County Jail at the discretion of his probation officer, or the order of the drug court. The district court credited Leary with 405 days served.

Leary was accepted into drug court and began participating on February 26, 2014. On March 4, 2014, Leary failed to appear in drug court, resulting in the issuance of a drug court bench warrant for his arrest. He was arrested May 15, 2014 pursuant to the drug court bench warrant. From May 15, 2014 to August 6, 2014, Leary was in custody to complete the drug court's order for participation in the Active Behavior Change ("ABC") jail program. On August 12, 2014, the drug court entered a second bench warrant after Leary again failed to appear. Leary was arrested on this warrant on November 11, 2014. On November 18, 2014, the State filed a Motion for Bench Warrant for Probation Violation and a Motion for Discharge from Ada County Drug Court Program alleging probation violations. The bench warrant was ordered, and Leary was arrested on November 20, 2014. On November 26, 2014, Leary admitted to both violating his probation and to the allegations in the Motion for Discharge. Additionally, Leary agreed to be discharged from drug court. The district court accepted the agreement and ordered Leary discharged from drug court on November 26, 2014.

At the probation violation disposition hearing, on March 18, 2015, the State requested that the district court revoke Leary's probation and impose the original sentence. Leary's counsel requested the district court to take "two years off the indeterminate portion as part of a Rule 35," and recommended that the district court give him credit for time served, requesting that the two and one half months spent in custody after doing the ABC program "be counted . . . on his credit for time served because [Leary] was sitting on a warrant during that time." Leary's counsel continued, asking for "all credit for time served on any warrant that he served on – including that drug court warrant." The district court found that Leary knowingly and voluntarily violated his probation and denied the Rule 35 motion. The district court imposed the original sentence and noted that

> Credit will be given for the days that were served prior to entry of this judgment except you will not get [] any credit for any days that were served as a condition of your probation. So we'll look at it and make sure that we give you credit for the times that were under a motion for discharge or a motion for a bench warrant.

On March 19, 2015, the district court entered an Order Revoking Probation and Imposing Sentence, ultimately crediting Leary with 526 days previously served.

Leary filed a timely notice of appeal, requesting credit for time served for: (1) the first drug court bench warrant, between May 15, 2014 and August 6, 2014, and (2) the second drug

3

court bench warrant, between November 11, 2014 and November 20, 2014, when he was arrested pursuant to the district court's bench warrant for probation violation.

### III. ISSUES ON APPEAL

**1.**    Whether the 2015 amendments to the Credit Statutes are retroactive.

### IV. STANDARD OF REVIEW

"The question of whether a sentencing court has properly awarded credit for time served to the facts of a particular case is a question of law, which is subject to free review by the appellate courts." *State v. Vasquez*, 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct. App. 2005) (citing *State v. Hale*, 116 Idaho 763, 764, 779 P.3d 438, 439 (Ct. App. 1989)).

> We exercise free review over statutory interpretation because it is a question of law. *State v. Dunlap*, 155 Idaho 345, 361, 313 P.3d 1, 17 (2013). Our objective when interpreting a statute is "to derive the intent of the legislative body that adopted the act." *Id.* (quoting *State v. Schulz*, 151 Idaho 863, 866, 264 P.3d 970, 973 (2011)). Statutory interpretation begins with the statute's plain language. *Dunlap*, 155 Idaho at 361, 313 P.3d at 17. This Court considers the statute as a whole, and gives words their plain, usual, and ordinary meanings. When the statute's language is unambiguous, the legislature's clearly expressed intent must be given effect, and we do not need to go beyond the statute's plain language to consider other rules of statutory construction. *Id.* at 361-62, 313 P.3d at 17-18.

*State v. Owens*, 158 Idaho 1, 3, 343 P.3d 30, 32 (2015).

> If the words of the statute are subject to more than one meaning, it is ambiguous and this Court must construe the statute "to mean what the legislature intended it to mean. To determine that intent, [this Court] examine[s] not only the literal words of the statute, but also the reasonableness of proposed constructions, the public policy behind the statute, and its legislative history."

*Doe v. Boy Scouts of America*, 148 Idaho 427, 430, 224 P.3d 494, 497 (2009) (quoting *State v. Doe*, 147 Idaho 326, 328, 208 P.3d 730, 732 (2009)).

### V. ANALYSIS

**A.    The 2015 amendments to the Credit Statutes are not retroactive.**

This appeal focuses on whether the amended Credit Statutes are retroactive. If given retroactive effect Leary's credit for time served would include time resulting from two separate drug court bench warrants, both of which were conditions of probation. Leary's argument that the district court erred in calculating the credit for time served to which he is entitled is puzzling; as his assertion essentially claims that the district court erred by failing to apply law that was not yet enacted. In other words, Leary claims the district court should have ignored the current law, at the time, and applied a law that was to be enacted months after the date of decision. It is

4

difficult to understand how the district court could have erred by failing to apply law that was not enacted. Assuming, arguendo, that the amended Credit Statutes were enacted when the district court made its decision, we hold that they do not have retroactive effect. Notwithstanding the questionable basis of Leary's argument, this Court will analyze whether the amended Credit Statutes are retroactive.

Idaho Code section 73-101 provides, "[n]o part of these compiled laws is retroactive, unless expressly so declared." I.C. § 73-101. In *Guzman v. Piercy*, this Court addressed statutory interpretation related to retroactivity as follows:

> In general, legislation acts prospectively. *Ben Lomond, Inc. v. City of Idaho Falls*, 92 Idaho 595, 601, 448 P.2d 209, 215 (1968). "Retrospective or retroactive legislation is not favored." *Winans v. Swisher*, 68 Idaho 364, 367, 195 P.2d 357, 359 (1948). As such, "a well-settled and fundamental rule of statutory construction" is to construe statutes to have a prospective rather than retroactive effect. *Id.* "Consonant with this view, I.C. § 73–101 states that '[n]o part of these compiled laws is retroactive, unless expressly so declared.'" *Univ. of Utah Hosp. ex. rel. Harris v. Pence*, 104 Idaho 172, 174, 657 P.2d 469, 471 (1982) (alteration in original) (quoting I.C. § 73–101). "Thus, in Idaho, a statute is not applied retroactively unless there is 'clear legislative intent to that effect.'" *Gailey v. Jerome Cnty.*, 113 Idaho 430, 432, 745 P.2d 1051, 1053 (1987) (quoting *City of Garden City v. City of Boise*, 104 Idaho 512, 515, 660 P.2d 1355, 1358 (1983)).

155 Idaho 928, 937–38, 318 P.3d 918, 927–28 (2014). Accordingly, statutory amendments are not deemed to be retroactive unless there is an express legislative statement to the contrary. *Id.* (citing *Nebeker v. Piper Aircraft Corp.*, 113 Idaho 609, 614, 747 P.2d 18, 23 (1987)).

The Credit Statutes at issue in this appeal, with the relevant amended additions underlined, are as follows:

> Idaho Code § 18-309. Computation of Term of Imprisonment.

> (1) In computing the term of imprisonment, the person against whom the judgment was entered shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. The remainder of the term commences upon the pronouncement of sentence and if thereafter, during such term, the defendant by any legal means is temporarily released from such imprisonment and subsequently returned thereto, the time during which he was at large must not be computed as part of such term.

> (2) In computing the term of imprisonment when judgment has been withheld and is later entered or sentence has been suspended and is later imposed, the person against whom the judgment is entered or imposed shall receive credit in the judgment for any period of incarceration served as a condition of probation under the original withheld or suspended judgment.

I.C. § 18-309(2).

> Idaho Code § 19-2603 Pronouncement and Execution of Judgment After Violation of Probation.
>
> When the court finds that the defendant has violated the terms and conditions of probation, it may, if judgment has been withheld, pronounce any judgment which it could originally have pronounced, or, if judgment was originally pronounced but suspended, revoke probation. The time such person shall have been at large under such suspended sentence shall not be counted as a part of the term of his sentence. The defendant <u>shall receive credit for time served</u> from the date of service of a bench warrant issued by the court after a finding of probable cause to believe the defendant has violated a condition of probation, for any time served following an arrest of the defendant pursuant to section 20-227, Idaho Code, and <u>for any time served as a condition of probation under the withheld judgment or suspended sentence.</u>

I.C. § 19-2603.

*1. The language of the amended Credit Statutes is unambiguous and not retroactive.*

Idaho Code section 73-101, stating that "[n]o part of these compiled laws is retroactive, unless expressly so declared," functions as a hurdle that Leary can only overcome by showing an express declaration for retroactive application of the Credit Statutes. We hold that the Credit Statutes do not include an express declaration of retroactive effect. The amendment to Idaho Code 18-309 clearly applies to a "person against whom the judgment is entered or imposed," not a person whose judgment *was previously* entered or imposed. Similarly, the amendment to Idaho Code section 19-2603 is devoid of any indication that it should apply to persons who were sentenced or whose probation was revoked before the amendment was effective.

In sum, an express declaration of retroactive effect is absent from the plain language of the Credit Statutes. The Legislature clearly knows how to expressly declare retroactive effect when drafting a statute, and such a declaration is absent in the Credit Statutes. Therefore, considering the fact that "in Idaho, a statute is not applied retroactively unless there is a clear legislative intent to that effect," the Credit Statutes are not intended to have retroactive effect. *Guzman*, 155 Idaho at 937, 318 P.2d at 927 (internal quotations omitted).

## VI. CONCLUSION

We affirm the district court judgment.

Chief Justice J. JONES and Justices EISMANN, BURDICK and HORTON CONCUR.

6