**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44059**

| | |
|---|---|
| **STATE OF IDAHO,** | ) 2017 Opinion No. 23 |
| | ) |
| **Plaintiff-Respondent,** | ) Filed: April 25, 2017 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| **MICHAEL ANTHONY HIATT,** | ) |
| | ) |
| **Defendant-Appellant.** | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Order denying motion for credit for time served, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Michael Anthony Hiatt appeals from the district court's order denying Hiatt's motion for credit for time served. He argues that the district court erred when it denied Hiatt's request for credit for time served as a condition of probation. For the reasons below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In March 2010, Hiatt was found guilty of felony domestic assault, Idaho Code §§ 18-918(3)(b), 18-903(b). The district court imposed a unified five-year sentence, with a two-year determinate term, but after a period of retained jurisdiction, suspended the sentence and placed Hiatt on probation. One of the terms of Hiatt's probation was a suspended sixty-day jail term, which could be imposed at the discretion of his probation officer with the court's approval.

1

On January 10, 2011, the district court approved fourteen days of discretionary jail time at the request of Hiatt's probation officer. On January 19, 2011, while still in custody serving the discretionary jail time, Hiatt was served with an arrest warrant for a reported probation violation. After this probation violation, and a subsequent violation in 2012, the district court continued Hiatt on probation. Hiatt later admitted to a third probation violation in 2013, at which point the district court entered an order revoking probation and ordering execution of the original sentence. At this time, the court calculated Hiatt's credit for time served as sixty-nine days in an order dated April 30, 2013. Hiatt filed an Idaho Criminal Rule 35 motion for a reduction of his sentence, which the district court denied. Hiatt then appealed that denial, which this Court affirmed. *See State v. Hiatt*, Docket No. 40990 (Ct. App. Mar. 14, 2014) (unpublished).

While Hiatt's Rule 35 appeal was pending, he filed a motion for credit for time served. The district court granted Hiatt's motion, awarding him credit for 548 days served in an order dated August 9, 2013. The district court specifically declined to grant credit for the eight days served January 10-19, 2011, reasoning, "It is within the Court's discretion to grant or deny credit for time served as a term of probation. With respect to those eight (8) days, the Court declines to grant credit."

In January 2016, Hiatt moved for credit for the time he served as a condition of probation. In asking for credit for the eight days he served in January 2011 at the discretion of his probation officer, Hiatt cited to amendments made in 2015 to the code provisions governing the calculation of credit for time served. The district court denied the motion, reasoning that the laws in effect in 2013, when Hiatt's sentence was ordered into execution, did not award defendants credit for time served as a condition of probation. Moreover, the 2015 statutory amendments did not apply retroactively to the court's 2013 order. Hiatt timely appeals.

## II.

## ANALYSIS

Hiatt argues the district court erred when it denied Hiatt's motion seeking recalculation of credit for time served as a condition of probation. He maintains that he is entitled to credit for the eight days he served at the discretion of his probation officer in January 2011.

We exercise free review when the issue is whether the district court properly applied the law governing credit for time served. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006). We defer to the trial court's findings of fact "unless those findings are

2

unsupported by substantial and competent evidence in the record and are therefore clearly erroneous." *Id.* Whether the district court properly applied this statutory provision to the facts in this case is a question of law, which we freely review. *State v. Dorr*, 120 Idaho 441, 443-44, 816 P.2d 998, 1000-01 (Ct. App. 1991).

Pursuant to Idaho Criminal Rule 35(c), a defendant may move to correct a court's computation of credit for time served, granted pursuant to I.C. §§ 18-309 or 19-2603, at any time. Both I.C. §§ 18-309 and 19-2603 were amended effective July 1, 2015, and now provide that a court must award a defendant with credit for time served as a condition of probation. *See State v. Leary*, 160 Idaho 349, 353, 372 P.3d 404, 408 (2016). Prior to the amendment, it was not required that a court award credit for time served as a condition of probation. *See id.*

It is well established that these amended credit statutes do not have retroactive effect. *State v. Taylor*, 160 Idaho 381, 385, 373 P.3d 699, 703 (2016); *Leary*, 160 Idaho at 353-54, 372 P.3d at 408-09. The Supreme Court has expressly stated:

> The amendment to Idaho Code 18-309 clearly applies to a "person against whom the judgment is entered or imposed," not a person whose judgment was *previously* entered or imposed. Similarly, the amendment to Idaho Code section 19-2603 is devoid of any indication that it should apply to persons who were sentenced or whose probation was revoked before the amendment was effective.

*Leary*, 160 Idaho at 353, 372 P.3d at 408.

Hiatt acknowledges that amended credit statutes do not apply retroactively. However, he contends that because he moved for recalculation of the credit computation after the amended statutes had gone into effect, he is not seeking retroactive application of the amended laws. Instead, he suggests that because he filed his Rule 35(c) motion in 2016, the district court should apply the law in effect at the time Hiatt filed his motion. If we were to accept Hiatt's argument that the law in effect at the time of a motion controls the computation, we would effectively be applying the credit statutes retroactively. To hold as Hiatt suggests would allow a defendant to move the court for recalculation any time the law is amended in the defendant's favor. The practical effect would be the retroactive application of newly enacted legislation--the practice of which the Idaho Supreme Court has already held improper.

Here, the district court provided its initial calculations of credit in an order dated April 30, 2013, crediting Hiatt for sixty-nine days. Then, on August 9, 2013, the district court recalculated its initial computation of credit for time served, awarding Hiatt 548 days but

3

expressly declining to award credit for the eight days at issue. The pre-amended versions of I.C. §§ 18-309 and I.C. 19-2603 were in effect when the district court made both its initial calculation and its corrected calculation regarding Hiatt's credit for time served. Moreover, the court specifically considered that Hiatt was not entitled to the eight days at issue based upon the law in effect at the time. Because Hiatt is not entitled to retroactive application of the amended credit statutes, we hold that the district court did not err in denying Hiatt's motion for credit for time served as a condition of probation.

## III.
## CONCLUSION

The amended credit statutes do not apply retroactively to Hiatt's motion for credit for time served as a condition of probation. Accordingly, we affirm the district court's denial of Hiatt's motion for credit for time served.

Chief Judge GRATTON and Judge MELANSON **CONCUR**.