# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44012

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 463 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 12, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DAVID B. MERCER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order denying motion for credit for time served, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

David B. Mercer appeals from the district court's order denying Mercer's motion for credit for time served. Mercer argues that the district court erred when it denied Mercer's request for credit for time served at the discretion of his probation officer. For the reasons set forth below, we affirm.

Mercer pled guilty to felony driving under the influence. I.C. §§ 18-8004 and 18-8005(5). In exchange for his guilty plea, the State agreed not to pursue an allegation that Mercer was a persistent violator. The district court imposed a unified ten-year sentence, with a minimum term of confinement of five years, and retained jurisdiction. After the period of retained jurisdiction, the district court suspended the sentence and placed Mercer on probation. As a condition of probation, Mercer could serve 180 days of jail time to be imposed at the

1

discretion of his probation officer. Subsequently, Mercer admitted to violating the terms of his probation. On June 3, 2013, the district court revoked Mercer's probation, ordered execution of the original sentence, and granted Mercer credit for time served. Mercer filed an I.C.R. 35 motion for reduction of his sentence, which the district court denied. In an unpublished opinion, this Court affirmed. *State v. Mercer*, Docket No. 41068 (Ct. App. Feb. 25, 2014).

On January 19, 2016, Mercer filed a motion for credit for time served pursuant to I.C. § 18-309. Mercer claimed that, under 2015 statutory amendments, he is entitled to thirty days' credit for the discretionary jail time he served in 2012 at the discretion of his probation officer and not originally counted as credit in the district court's June 3, 2013, order. The district court denied Mercer's motion, ruling that the statutory amendments did not apply retroactively to the 2013 order. Mercer appeals, challenging the district court's denial of Mercer's motion seeking recalculation of credit for time served.

The question of whether a sentencing court has properly awarded credit for time served to the facts of a particular case is a question of law, which is subject to free review by this Court. *State v. Vasquez*, 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct. App. 2005). We defer to the district court's findings of fact, unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006). This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003).

Idaho Criminal Rule 35(c) provides that a motion to correct a court's computation of credit for time served, granted pursuant to I.C. §§ 18-309 or 19-2603, may be made at any time. Both I.C. §§ 18-309 and 19-2603 were amended effective July 1, 2015, and now provide that a court must award a defendant credit for time served as a condition of probation. *See State v. Leary*, 160 Idaho 349, 353, 372 P.3d 404, 408 (2016). However, prior to the amendment, it was not required that a court award credit for time served as a condition of probation. *See id.*

Idaho statutes are not to be applied retroactively unless expressly so declared. I.C. § 73-101. It is well established that the amended statutes, I.C. §§ 18-309 and 19-2603, are devoid of any such declaration and do not have retroactive effect. *State v. Taylor*, 160 Idaho 381, 385, 373 P.3d 699, 703 (2016); *Leary*, 160 Idaho at 353-54, 372 P.3d at 408-09. In *Leary*,

the Idaho Supreme Court stated that the amendment to I.C. § 18-309 applies to a person against whom the judgment is entered or imposed, not a person whose judgment was previously entered or imposed. *Leary*, 160 Idaho at 353, 372 P.3d at 408. Similarly, the amendment to I.C. § 19-2603 is devoid of any indication that it should apply to persons who were sentenced or whose probation was revoked before the amendment was effective. *Leary*, 160 Idaho at 353, 372 P.3d at 408.

Mercer asserts that his motion requesting the district court to recalculate credit for time served does not require retroactive application of the amended statutes. Rather, Mercer argues that, because the effective date of the amendments predated his motion, the district court was required to apply the credit statutes in effect at the time of the filing and credit Mercer for the discretionary time he served as a condition of his probation. If we were to accept Mercer's argument that the law in effect at the time of a motion controls the computation, this Court would effectively be applying the credit statutes retroactively. Moreover, to hold as Mercer suggests allows a defendant to move the court for recalculation any time the law is amended in the defendant's favor. The practical effect would be the retroactive application of newly enacted legislation--the practice of which the Idaho Supreme Court has held is improper.

In this case, the district court entered its order computing Mercer's credit for time served on June 3, 2013. Consistent with the previous versions of I.C. §§ 18-309 and 19-2603 in effect at that time, the district court did not include the thirty days of discretionary jail time Mercer served as a condition of probation. Because Mercer is not entitled to retroactive application of the amended credit statutes, Mercer has failed to show that the district court erred. Accordingly, the district court's order denying Mercer's motion for credit for time served is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.

3