**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44149**

| | | |
|---|---|---|
| JAY WAYNE NEWBERRY, | ) | 2017 Unpublished Opinion No. 478 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: May 31, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Jay Wayne Newberry, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.
_____

MELANSON, Judge

Jay Wayne Newberry appeals from the district court's judgment summarily dismissing Newberry's petition for post-conviction relief. For the reasons set forth below, we affirm.

In 2009, Newberry pled guilty to felony driving under the influence (DUI). I.C. §§ 18-8004 and 18-8005(5). The district court sentenced Newberry to a unified term of eight years, with a minimum period of confinement of two years. The district court suspended the sentence and placed Newberry on probation for eight years. In February 2013, the district court placed Newberry on unsupervised probation. In June 2014, Newberry violated the terms of his probation, and the district court reinstated Newberry's supervised probation. In October 2014, Newberry was convicted of a second DUI in another county. Consequently, the district court in this case revoked Newberry's probation, ordered execution of his underlying sentence, and reduced his sentence.

1

Newberry filed a petition for post-conviction relief, alleging that he received ineffective assistance of counsel, that Newberry's admission to violating his probation was not knowing and voluntary, and that his sentence was excessive. The State filed a motion for summary dismissal, which the district court granted after a hearing. Newberry appeals.

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the

district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

On appeal, Newberry argues that the district court erred in summarily dismissing Newberry's petition for post-conviction relief because it alleged facts that would entitle him to relief. First, Newberry alleged that his trial counsel was ineffective for failing to file a motion to suppress the blood draw. The district court found that the issue was barred by the statute of

limitations. To be timely, a post-conviction proceeding must be commenced by filing a petition any time within one year from the expiration of the time for appeal or from the determination of proceedings following an appeal, whichever is later. I.C. § 19-4902(a). Newberry did not appeal from his judgment of conviction, and the time to appeal expired on January 22, 2010.[1] Thus, Newberry needed to file any claims for post-conviction relief by January 22, 2011. Accordingly, Newberry's ineffective assistance of counsel claim with respect to the 2009 blood draw is untimely.

Second, Newberry alleged that he did not knowingly and voluntarily admit to violating his probation. Specifically, Newberry contends that he did not understand the terms of his reinstated probation. The district court found that the terms of probation prohibited Newberry from committing any new crimes. A review of the record indicates Newberry was informed of his rights and the potential consequences of violating his probation, which he understood when he admitted to violating his probation. Thus, Newberry failed to establish that he did not knowingly and voluntarily admit to violating his probation.

Third, Newberry alleged that his probation revocation counsel was ineffective for failing to file an I.C.R. 35 motion for further reduction of his sentence pursuant to Newberry's request. The district court found that Newberry did not meet his burden of establishing that he was prejudiced by his counsel's failure to file a Rule 35 motion. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different.

---

[1] The judgment of conviction was entered on December 8, 2009, and Newberry had forty-two days to appeal.

4

*Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011). In the instant case, Newberry did not allege how filing a Rule 35 motion could have changed the outcome. Further, the record does not indicate that filing a Rule 35 motion would have changed the outcome. Thus, Newberry failed to meet his burden of establishing an ineffective assistance of counsel claim under *Strickland*.

Finally, Newberry alleged that his sentence was excessive because it exceeded the maximum sentence allowed by law. Specifically, Newberry contends that he completed his sentence when the district court placed Newberry on unsupervised probation. Newberry insists that he did not receive any signed documents from the district court to indicate that Newberry was still on probation when he was placed on unsupervised probation. Thus, Newberry reasons that he was not on valid probation when he committed the June 2014 probation violation and that the district court therefore could not impose a sentence for the probation violation. Newberry does not cite any law to support his argument that unsupervised probation is not probation or that the district court was required to issue new terms of probation when Newberry's probation was modified from supervised to unsupervised. To the contrary, the Idaho Board of Correction always has some continuing oversight responsibility over felony probationers, regardless of whether the probation is characterized as supervised or unsupervised. *State v. Klingler*, 143 Idaho 494, 497, 148 P.3d 1240, 1243 (2006). Moreover, a party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Thus, Newberry's excessive sentence claim was also the proper subject of summary dismissal.[2]

---

[2] To the extent Newberry argues that his sentence is excessive because he is entitled to credit against the remainder of his sentence for time spent on probation, this claim is not properly raised by a post-conviction petition. *See* I.C.R. 35(c); *see also* I.C. § 19-2603; *State v. Leary*, 160 Idaho 349, 353, 372 P.3d 404, 408 (2016).

5

Newberry failed to establish that the district court erred in summarily dismissing any of Newberry's claims for post-conviction relief. Accordingly, the district court's judgment dismissing Newberry's petition for post-conviction relief is affirmed. Costs but not attorney fees are awarded to the State on appeal.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR**.