# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44930

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 617 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 11, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| GAVIN LAMAR MOUR, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order denying Idaho Criminal Rule 35 motion, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Gavin Lamar Mour pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1). The district court imposed a unified sentence of five years, with a minimum period of confinement of two years, suspended that sentence, and placed Mour on probation for a period of three years. The district court eventually revoked probation and later relinquished jurisdiction.

Mour subsequently filed an Idaho Criminal Rule 35(c) motion requesting additional credit for time served, asserting that the district court miscalculated his time served and arguing that he was entitled to credit for discretionary jail time served as a condition of probation

1

pursuant to Idaho Code § 18-309. The district court determined that Mour was not entitled to credit for the time served as a condition of probation. Mour filed a motion for reconsideration, which the district court denied. Mour timely appealed, arguing that the district court erred by not granting him credit for the discretionary jail time he served as a condition of probation.

The awarding of credit for time served is governed by I.C. § 18-309. The language of I.C. § 18-309 is mandatory and requires that, in sentencing a criminal defendant or when hearing an I.C.R. 35(c) motion for credit for time served, the court give the appropriate credit for prejudgment incarceration. *State v. Moore*, 156 Idaho 17, 20-21, 319 P.3d 501, 504-05 (Ct. App. 2014). Mour predicates his argument on an amendment to I.C. § 18-309. Because Mour was sentenced on March 21, 2011, and the amendment did not become effective until July 1, 2015, his argument would only be valid if I.C. § 18-309 had retroactive effect, which it does not. 2015 Idaho Sess. Laws 240-41; *State v. Leary*, 160 Idaho 349, 353-54, 372 P.3d 404, 408-09 (2016). Accordingly, the district court did not err in applying the prior rule that a period of incarceration that is a term and condition of probation will not be credited to a defendant whose probation is subsequently revoked. *State v. Jakoski*, 132 Idaho 67, 68, 966 P.2d 663, 664 (Ct. App. 1998).

As we hold that the district court awarded the appropriate credit, the district court's order denying Mour's Rule 35 motion is affirmed.