IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 48376

| | |
|---|---|
| NICHOLAS DAVID JOHNSON, | ) |
| | ) Filed: August 30, 2021 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Davis F. VanderVelde, District Judge.

Judgment summarily dismissing petition for post-conviction relief, affirmed.

Nicholas D. Johnson, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Nicholas David Johnson appeals from the district court's summary dismissal of his petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Johnson was convicted of second degree murder in December 2011. Johnson was sentenced to a unified term of life with fifteen years determinate. In February 2020, Johnson filed a pro se petition and affidavit for post-conviction relief. Relevant to this appeal, Johnson argued that the 2018 amendments of both Idaho Code §§ 18-4009 and 19-202A (SB 1313), which updated statutory provisions of self-defense, should be applied to his case since he did not have the benefit of this law in 2011. In response to Johnson's petition, the State filed a motion for summary dismissal claiming that the amendments were not retroactive and simply codified then-existing case law.

1

On August 25, 2020, a hearing was held to consider the State's motion for summary dismissal. In October 2020, the district judge granted summary dismissal because the amendments were merely recognizing and not changing any substantive or procedural law making retroactive application irrelevant. Johnson was provided the same laws in his trial as it would be if he were tried today. Johnson timely appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 676, 227 P.3d 925, 930 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Johnson argues SB 1313 from 2018 that updated statutory provisions of self-defense after his conviction should be retroactively applied to his case

The general rule is that legislation acts prospectively. *Guzman v. Piercy*, 155 Idaho 928, 937, 318 P.3d 918, 927 (2014). "As such, 'a well-settled and fundamental rule of statutory construction' is to construe statutes to have a prospective rather than retroactive effect." *Id.* *(*quoting *Winans v. Swisher*, 68 Idaho 364, 367, 195 P.2d 357, 359 (1948)*).* Furthermore, I.C. § 73-101 states: "No part of these compiled laws is retroactive, unless expressly so declared." Therefore, a statute will only be applied retroactively if there is "clear legislative intent to that effect." *Guzman*, 155 Idaho at 938, 318 P.3d at 928 (quoting *Gailey v. Jerome Cnty.*, 133 Idaho 430, 432, 745 P.2d 1051, 1053 (1987)).

Johnson concludes that the jury would not have convicted him of murder if he had the benefit of SB 1313 during his trial. The State argued the legislative intent of amending I.C. §§ 18-4009 and 19-202A was to incorporate the castle doctrine into Idaho statute; a defense that had previously been in Idaho case law and jury instructions available to Johnson at the time of his trial. The district judge agreed with the State and determined the castle doctrine and stand your ground case laws were in effect and available for Johnson's case. No procedural or substantive

2

rights were altered by the amendment which made SB 1313 immaterial and retroactive application a non-issue.

According to I.C. § 19-201A, the legislative intent was "to incorporate provisions of the castle doctrine and stand your ground provided in Idaho case law and jury instructions . . . ." Notably, the Idaho Supreme Court ordered and accepted revised Idaho Criminal Jury Instructions adopted for general use effective September 1, 2010. These jury instructions included justifiable homicide and self-defense, which integrate concepts of the castle doctrine and stand your ground. Furthermore, I.C. § 18-4009, justifiable homicide, was amended by adding place of business and vehicle, as well as defining terms. Neither of these circumstances apply to Johnson's case. Lastly, the language added to I.C. § 19-202A, defense of self, mirrors language used in *State v. McGreevey*, a case from 1909, which discusses the right of self-defense, ascertaining danger, no duty to retreat, and reasonableness. *State v. McGreevey*, 17 Idaho 453, ___, 105 P. 1047, 1051 (1909). As a result, these legal defenses were available to Johnson during his 2011 trial. As such, the amendments made by SB 1313 did not affect Johnson's substantial rights rendering the issue of retroactive application immaterial.

Even more so, SB 1313 is not retroactive and shall be applied prospectively. Statutes are applied retroactively when expressly stated or with clear legislative intent to do so. As previously stated, the legislative intent was to incorporate legal defenses that were readily available and no language implied intent to apply retroactively. Consequently, SB 1313 falls under the general rule of applying statutes prospectively.

For these reasons, Johnson has not alleged any genuine issue of material fact nor any justification for relief as a matter of law.

## IV.

## CONCLUSION

The district court did not err in granting summary dismissal. Accordingly, we affirm the district court's judgment dismissing Johnson's petition for post-conviction relief.

Judge BRAILSFORD and Judge Pro Tem MELANSON **CONCUR**.